UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELINA N. JACOBS, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.; VERIZON INVESTMENT MANAGEMENT CORP.; THE VERIZON EMPLOYEE BENEFITS COMMITTEE; MARC C. REED; MARTHA DELEHANTY; ANDREW H. NEBENS; CONNIA NELSON; SHANE SANDERS; ROBERT J. BARISH; and DONNA C. CHIFFRILLER,<br><br>Defendants. | Civil Action No.: 1:16-cv-01082-PGG-RWL |

## STIPULATED ~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

The Court has considered the Class Action Settlement Agreement, dated July 7, 2023 (the "Settlement Agreement"), Plaintiff's unopposed motion for an order preliminarily approving the Settlement Agreement, the record in this Litigation, the arguments and recommendations made by counsel, and the requirements of law.[1] The Court finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Class.

2. By order dated September 29, 2020, the Court certified the following Class for under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Class"):

> All participants or beneficiaries of the Verizon Savings Plan for Management Employees (the "Plan") for the period of April 1, 2010 to August 1, 2016 excluding the Defendants, other VIMCO or Verizon employees with responsibility for the Plan's investment or

---

[1]   Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement

1

> administrative functions, and members of the Verizon Board of Directors who had any portion of their Plan invested directly in the Global Opportunity Fund or indirectly in the Global Opportunity Fund through investment in any of the Verizon Target Date Funds.

(Dkt. Nos. 158 & 163).

The Court having determined that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

3. The Settlement Agreement is hereby preliminarily approved and incorporated as if set forth fully herein, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiff's claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Class.

4. The Court approves the selection of Angeion Group as Settlement Administrator.

5. A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on November 16, 2023 (at least 110 days from Preliminary Approval), at 2:00 p.m. in U.S. District Court, in Courtroom No. 705, 40 Foley Square, New York, New York to determine finally, among other things:

   (a) Whether the Settlement should be finally approved as fair, reasonable, and adequate;

(b) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(c) Whether the Final Approval Order attached to the Settlement Agreement should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Settlement Agreement;

(d) Whether the notice and notice methodology implemented pursuant to the Settlement Agreement (i) were reasonably calculated, under the circumstances, to apprise Members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(e) Whether Class Counsel adequately represents the Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(f) Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(g) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(h) Whether a case contribution award should be awarded to Plaintiff; and

(i) Any other issues necessary for approval of the Settlement.

**Class Notice.** The Parties have presented to the Court a proposed Class Notice, which is appended to the Settlement Agreement as Exhibit 2. The Court approves the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to Members of the Class, and the Court finds that such proposed manner is adequate and the best notice plan practicable under the circumstances.

3

4873-4869-3353.1

(i) On or before September 11, 2023 (45 days after entry of Preliminary Approval Order), the Settlement Administrator shall cause the Class Notice, with any non-substantive modifications thereto as may be agreed upon by the Parties, to be distributed to each member of the Class who is a Current Participant (a participant with an account balance in the Plan, and therefore subject to Plan disclosure rules) in compliance with the rules established by the U.S. Department of Labor for Alternative Method For Disclosure Through Electronic Media for the delivery of important Plan documents to Plan participants as set forth in 29 C.F.R. § 2520.104b-31 using electronic delivery data provided by the Plan's recordkeeper. The Settlement Administrator will cause the Class Notice to be mailed by first class mail to all Class Members who are Former Participants and to all Current Participants for whom electronic delivery is not available and who can reasonably be identified and contacted at his or her last-known address as maintained by each Plan's Recordkeeper or other third party with custody and control of the data. Class Counsel shall also establish follow- up procedures for any returned mailings. Additionally, the Settlement Administrator shall establish a toll-free hotline and Settlement Website, on which the Settlement Administrator will post the following documents, or links to such documents, as they become available: (a) the operative Complaint; (b) the Settlement Agreement and its Exhibits; (c) the Settlement Notice; (d) the Former Participant Claim Form; (e) Class Counsel's motion for Attorneys' Fees and Expenses and Plaintiffs' Compensation; (f) any Court orders related to the Settlement; (g) any amendments or revisions to these documents; and

4

4873-4869-3353.1

(h) any other documents or information upon which the Settling Parties mutually agree in writing.

(ii) On or before August 7, 2023, Plaintiff also shall cause the Class Notice to be published on the website identified in the Class Notice.

(iii) On or before October 19, 2023, a date that is 28 calendar days prior to the Fairness Hearing, Class Counsel shall file with the Court proof of Class Counsel's timely compliance with the foregoing mailing and publication requirements, identifying class members who cannot be located despite reasonable efforts.

6. Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation, a motion for approval of attorneys' fees and expenses, and a motion for approval of a case contribution award to the Plaintiff at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than October 19, 2023 (twenty-eight (28) calendar days prior to the Fairness Hearing).

7. Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed case contribution award, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a statement of his, her, or its objection(s), demonstrating membership in the Class, specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection, and whether the Objector has objected to other class action settlement. Any objection must be signed by the Class member (even if the Objector has retained counsel). The Objector must also mail and email the objection and all supporting law and evidence *to counsel for the Parties, as follows:*

For Plaintiff:

    James A. Bloom
    John J. Nestico
    Todd M. Schneider
    SCHNEIDER WALLACE COTTRELL
    KONECKY LLP
    2000 Powell Street, Suite 1400
    Emeryville, California 94608
    jbloom@schneiderwallace.com
    tschneider@schneiderwallace.com

    Daniella Quitt
    GLANCY PRONGAY & MURRAY LLP
    745 Fifth Avenue, 5th FL
    New York, New York 10151
    dquitt@glancylaw.com

For Defendants:

    Ian Taylor, Esq.
    Jennifer Squillario, Esq.
    Nixon Peabody LLP
    799 9th Street NW, Suite 500
    Washington, DC 20001
    Itaylor@nixonpeabody.com
    jsquillario@nixonpeabody.com

        The Objector, or, if represented by counsel, his, her, or its counsel, must effect service of the objection on counsel listed above and file the objection with the Court at least twenty (20) calendar days prior to the Fairness Hearing. Any Member of the Class who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

    8.    The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than _November 9_, 2023.

    9.    An Objector who files and serves a timely, written objection in accordance with paragraph 7 above may also appear at the Fairness Hearing either in person or through counsel

6

retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court at least twenty (20) calendar days prior to the Fairness Hearing, or by no later than _October 27_, 2023. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. Defendants shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 3.2.8 of the Stipulation. The Court hereby approves the form of CAFA notice attached as Exhibit 4 to the Settlement agreement and orders that, upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under CAFA. Defendants shall notify the Court of their mailing of the CAFA Notice in advance of the Fairness Hearing.

11. Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund. Expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court shall be paid out of the Settlement Fund.

12. Pending final determination of whether the Settlement should be approved, all Members of the Class (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and

assigns) and the Plans are each hereby barred and enjoined from instituting or prosecuting any action that asserts any Released Claim against any Released Parties.

13. The Court understands that Defendants have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. One-half of the Independent Fiduciary's fees are considered part of the Gross Settlement Amount and will be paid as Administrative Expenses out of the Settlement Fund.

14. If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

15. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

16. The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this 26th day of July, 2023.

_____
Hon. Paul G. Gardephe, U.S.D.J.