UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELINA N. JACOBS, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.; VERIZON INVESTMENT MANAGEMENT CORP.; THE VERIZON EMPLOYEE BENEFITS COMMITTEE; MARC C. REED; MARTHA DELEHANTY; ANDREW H. NEBENS; CONNIA NELSON; SHANE SANDERS; ROBERT J. BARISH; and DONNA C. CHIFFRILLER,<br><br>Defendants. | Civ. No.: 1:16-cv-01082-PGG-RWL |

**JOINT DECLARATION OF JAMES A. BLOOM AND
DANIELLA QUITT IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF
ATTORNEY'S FEES, COSTS, AND SERVICE PAYMENT**

James A. Bloom and Daniella Quitt declare as follows:

1. We are members of the firms Schneider Wallace Cottrell Konecky Wotkyns LLP and Glancy Prongay & Murray LLP, respectively, co- lead counsel for Plaintiff Melina Jacobs and the Class in this matter. (ECF Doc. No. 163.) We submit this declaration in support of Plaintiff's application for an award of attorneys' fees, reimbursement of expenses, and a case contribution for the plaintiff, Ms. Jacobs. To date, there have been no objections to the instant application.

2. We have been actively involved in the prosecution of this action, are familiar with its proceedings, and have personal knowledge of the matters set forth herein based on our active supervision and participation in all material aspects of the action and if called to do so, we could and would testify competently thereto.

1

3. As detailed in the accompanying memorandum of law, on behalf of the class certified in this matter, plaintiff seeks an award of $10 million in attorneys' fees, $550,361.80 in litigation costs, and a $30,000 class representative service award.

4. The requested attorneys' fee award represents one-third of the $30 million common fund created for the benefit of the class. Under this Court's precedent, this fee is reasonable, both as a percentage of the common fund and when compared to Class Counsels' cumulative lodestar, which conservatively totals more than $6.6 million. Class Counsel achieved great success for the class in exceedingly risky and complex litigation. To do so, they invested more than $7.1 million in attorney time and litigation costs over seven years with no guarantee that this investment would ever be repaid. *See* Declaration of James A. Bloom, attached hereto as Exhibit A, Declaration of Daniella Quitt, attached hereto as Exhibit B, and Declaration of John F. Edgar, attached hereto as Exhibit C.

5. Class Counsel prosecuting this action have dedicated enormous efforts to this case since it was filed. In all, Class Counsel and the additional plaintiffs' counsel have devoted more than 7,200 hours to the successful prosecution of the action and advanced expenses of more than $550,000.

6. The settlement, reached just a few weeks before trial and after substantial trial preparation work had been undertaken, is the culmination of years of vigorous litigation. Over the course of the litigation, Class Counsel extensively investigated the claims; briefed and prevailed on motions to dismiss, motions for class certification, Defendants' motion for summary judgment, and Defendants' motion to exclude Plaintiff's experts. Class Counsel also defended Plaintiff's deposition, took the depositions of twelve fact witnesses, including current and former Verizon employees and non-party witnesses, prepared expert reports, took or defended five expert

depositions; and produced and reviewed approximately more than 300,000 pages of documents (including many voluminous, database-like spreadsheet files), including both custodial and non-custodial material from Defendants and non-party witnesses and experts.

7.  Class Counsel also served several document subpoenas on non-party witnesses, received numerous documents in response to those subpoenas, deposed two non-party witnesses, and prosecuted a subpoena enforcement action against a non-party who steadfastly refused to produce documents. That subpoena enforcement action was filed in the District of Columbia, transferred to this Court, consolidated with this case and culminated in a contested hearing in front of Magistrate Judge Lehrburger, after which Judge Lehrburger ordered the non-party to produce numerous documents. *See Jacobs v. Verizon Communications, Inc., et al.*, (S.D.N.Y.) 2018-md-537.

8.  At the time the Settlement was reached, significant amounts of trial preparation work had been completed – including identifying joint, Plaintiff and Defendant trial exhibits (which together included more than 1,500 exhibits), compiling deposition designations, drafting witness examinations, and work on opening arguments and demonstrative exhibits was well underway.

9.  The settlement negotiations in this action were also hard-fought. Informal negotiations started as early as June 2018 when the parties met in person to discuss a possible settlement. From time to time thereafter, the parties participated in additional settlement discussions that were not successful. On June 1 and 2, 2023, just 38 days before the scheduled start of trial in this matter, the parties participated in a two-day formal mediation session in San Diego, California, before experienced mediator Hunter Hughes. At the mediation, the Settling Parties reached an agreement in principle to settle all claims in the action.

10. Since that time, Class Counsel obtained preliminary approval of the settlement. They have also spent numerous hours communicating with potential class members and collecting and reviewing data for hundreds of thousands of the Plan's participants and working with the Plan's third-party recordkeeper and the settlement administrator to identify class members and ensure class members received notice of the settlement, ultimately providing notice to over 180,000 individuals.

11. Plaintiff's claims raised numerous complex legal and factual issues under ERISA, an infamously difficult statutory scheme. This Court is well aware of the case's complexities, as illustrated in its 19-page order approving Magistrate Judge Lehrburger's 31-page Report and Recommendation granting class certification on September 29, 2020, ECF Doc. Nos. 157, 163, as well as the Court's 51-page Memorandum Opinion and Order denying Defendants' motion for summary judgment and motion to exclude Plaintiff's experts. ECF Doc. No. 217. The complexity and expense of the case has been borne out by the time and effort that the parties and their counsel have put into litigating this matter over the past seven years. As set forth in greater detail above, the parties to this action exchanged multiple rounds of written and document discovery; produced and reviewed more than 300,000 pages of documents; took the depositions of thirteen fact witnesses; engaged in extensive expert discovery from five experts; and conducted five expert depositions.

12. This case also involved hedge fund "fund of funds," complex financial products that are not well-understood and have been subject to little ERISA litigation. Class Counsel were required to develop substantial expertise in this esoteric field in order to prepare and litigate this case.

13. To date, the Class also appears to agree with the terms of the settlement. The Settlement Administrator sent notice to 185,392 class members as of September 20, 2023, and to date no objections have been received. The Settlement notice detailed the terms of the settlement and described the fee and expense request.

14. The settlement substantially benefits the Class by providing for monetary compensation much sooner than the alternative path through trial and appeal, which is very protracted, expensive, and would result in delayed compensation and substantially greater expense for the Class.

15. Class Counsel also expect to spend additional hours over the next months to implement the settlement.

16. Class Counsel allocated the work in this action to maximize efficiency. We assigned tasks based on a number of considerations with the goal of minimizing duplication of efforts. But for the team's planning, the numbers of hours devoted to the case would have been substantially higher.

17. In our judgment, the number of hours expended and services performed by Class Counsel were reasonable and expended for the benefit of the Class in this action.

18. In addition to being a large case in terms of the number of class members (the Class includes more than 180,000 plan participants) and the magnitude of potential damages at issue, this action was extraordinarily complex both legally and factually even compared to other ERISA fiduciary breach cases. The docket in this case contains 238 entries and reflects that the parties thoroughly litigated the case and were preparing for trial when it settled.

19. The prosecution of this action was challenging and complex. This case involved numerous issues of first impression regarding the law of ERISA, including relating to fiduciary

status and the fiduciary duties implicated by including hedge funds, a highly complex financial product, in an ERISA 401(k) plan. In addition to numerous fundamental factual and legal questions, the parties retained and were prepared to offer trial testimony from five very well educated and highly credentialed expert witness, with a meaningful chance that the case would be a battle of the experts.

20. On July 7, 2023, the parties fully executed the Settlement Agreement, attached as Exhibit A to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval. ECF Doc. No. 235-1. The arm's length nature and extensive course of the negotiations and the participation of an experienced mediator throughout the process, along with the substance of the Settlement Agreement, a $30,000,000 recovery for the class, strongly support the conclusion that the proposed Settlement is fair, reasonable and adequate. On July 26, 2023, this Court preliminary approved the Settlement. ECF Doc. No. 236.

21. Plaintiff Jacobs has, from the very beginning of the case, expended considerable time, effort, and resources on behalf of the Class. She also incurred significant risk in lending her name to the action, revealing her private financial information, and consulting with Class Counsel for the benefit of their fellow Class Members throughout the litigation and was on standby for the trial.

22. The investigation that gave rise to the complaint in this matter was conducted by Class Counsel as a result of concerns identified by the Plaintiff herself.

23. Plaintiff devoted substantial time and effort to the prosecution of this case. She stepped forward on behalf of their fellow plan participants to prosecute this suit.

24. Plaintiff produced over 1,400 pages of documents to Class Counsel and in turn to Defendants. In addition, with the assistance of counsel, she responded to Defendants' interrogatory

requests. Plaintiff spent time with Class Counsel preparing for her deposition, traveling to and from the locations where her deposition was held, and answering Defendants' counsel's questions. Plaintiff's deposition was conducted on a weekday, resulting in her having to take time off from work for preparation and the deposition itself. Plaintiff also had to ask her employer for more than a week off of work to prepare for and attend trial.

25. During the course of the litigation, there have been dozens of emails, letters and telephone calls between Class Counsel and Ms. Jacobs and numerous meetings, requesting information, requesting that she review copies of the complaint, providing various updates with copies of the Court's orders including its class certification and summary judgment, requesting verification of her responses to interrogatories, participating in negotiation of the Settlement, and keeping her informed about the status of the case generally and the Court's consideration and approval of the Settlement.

26. Moreover, the Court-approved Notice advised Class Members of the proposed service award, and to date there have been no objections to the award.

27. The $30 million settlement in this case is notable for being one of the largest ERISA settlements in recent years, according to data compiled by Seyfarth Shaw LLP in its Annual Workplace Class Action Litigation Reports, the Settlement in this case would have been among the five largest private-plaintiff ERISA settlements in 2020 and 2021, the most recent years for which data is available. *See* http://www.workplaceclassaction.com/.

28. The unpublished slip opinions cited in the accompanying Memorandum of Law in Support of Motion for an Award of Attorney's Fees, Costs, and Service Payment are attached hereto as Exhibit D.

We declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: October 19, 2023

                                               /s/ *James A. Bloom*
                                                   James A. Bloom

                                               /s/ *Daniella Quitt*
                                                   Daniella Quitt