**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELINA N. JACOBS, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.; VERIZON INVESTMENT MANAGEMENT CORP.; THE VERIZON EMPLOYEE BENEFITS COMMITTEE; MARC C. REED; MARTHA DELEHANTY; ANDREW H. NEBENS; CONNIA NELSON; SHANE SANDERS; ROBERT J. BARISH; and DONNA C. CHIFFRILLER,<br><br>Defendants. | Civil Action No.: 1:16-cv-01082-PGG-RWL |

## **FINAL APPROVAL ORDER AND JUDGMENT**

Upon consideration of Plaintiff's motion for final approval of the Amended Class Action Settlement Agreement dated August 22, 2023 (herein the "Settlement Agreement") in the above matter, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the settlement Class.

3. The Court confirms that the class previously certified under Fed. R. Civ. P. 23(b)(1) is appropriate, defined as follows:

> All participants or beneficiaries of the Verizon Savings Plan for Management Employees (the "Plan") for the period from April 1, 2010 to August 1, 2016, excluding the Defendants, other VIMCO or Verizon employees with responsibility for the Plan's investment or administrative functions, and members of the Verizon Board of Directors, who had any portion of their accounts in the Plan invested

directly in the Global Opportunity Fund or indirectly in the Global Opportunity Fund through investment in any of the Verizon Target Date Funds.

(Docket Nos. 158, 163).

4. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement Agreement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

5. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Settlement Notices were timely distributed either by electronic delivery in accordance with rules established by the U.S. Department of Labor for delivery of Plan documents and disclosures as set forth in 29 C.F.R. 2520.104b-31, or by first-class mail and publication on the Settlement Website to all Class Members who could be identified with reasonable effort. Of those, 2,214 (0 .0119%) were returned as undeliverable. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, a separate notice of the Settlement Agreement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted appropriate under the circumstances and sufficient notices of the

fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

8.  The Court finds that the Settlement Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

   a. The Settlement Agreement was resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

   b. The settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation, received extensive document discovery, conducted more than a dozen depositions, prevailed on a motion for class certification and overcame a summary judgment motion and motions to strike Plaintiff's experts;

   c. Plaintiff and Defendants were well positioned to evaluate the value of the Class Action;

   d. If the Settlement Agreement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation;

   e. The amount of the settlement: $30,000,000 is fair, reasonable, and adequate. The settlement amount is within the range of reasonable settlements that would have been appropriate in this case;

   f. At all times, the Class Representative has acted independently;

   g. The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

   h. Class Members had the opportunity to be heard on all issues regarding the

        resolution and release of their claims by submitting objections to the Settlement Agreement to the Court;

    i.    There were no objections to the settlement; and

    j.    The Settlement Agreement was reviewed by an independent fiduciary, who has approved the Settlement.

9. The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action, including but not limited to the waiver and release of the Released Claims and all other terms are APPROVED as fair, reasonable, and adequate to the Plan and the Class, and Plaintiff and Defendants are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

10. The Action and all Released Claims, whether asserted by the Class Representative on her own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are hereby dismissed with prejudice and without costs to any of the Plaintiff and Defendants, except as otherwise provided for in the Settlement Agreement.

11. Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of

the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims.

13. The Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign

5

country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14. Each Class Member and the Plan shall release the Released Parties, Defense Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Court shall retain jurisdiction over this Action solely to enforce the Settlement Agreement, but such retention of jurisdiction shall not affect the finality of this Final Approval order and Judgment.

16. The Court finds that Defendants satisfied all applicable CAFA requirements in connection with this Settlement.

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current and Former Participant pursuant to the Plan of Allocation specified in Article 6 of the Settlement Agreement, which has been approved by the Court.

18. With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

19. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plans of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution as required by Section 6.8 of the Settlement

Agreement.

20. The Court finds that the attorney's fees sought by Class Counsel in the amount of one-third (1/3) of the common fund established in this Action and the costs and expenses sought by Class Counsel from the common fund are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel are awarded attorneys' fees in the amount of one-third (1/3) of the common fund established in this Action, specifically $10,000,000.00, and costs and expenses of litigation in the amount of $550,361.80.

21. Plaintiff is hereby awarded a case contribution award in the amount of $30,000.

22. Class Counsel's attorney's fees and expenses and Plaintiff's incentive or case contribution award shall be paid pursuant to the timing requirements described in the Settlement Agreement.

23. The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

24. Upon the effective date of this Order the Settling Parties, the Class Members, and the Plan shall be bound by the Settlement Agreement as amended and by this Final Approval Order.

The Clerk of Court is directed to close this case.

**SO ORDERED** this 21st day of November, 2023.

_____
Paul G. Gardephe
United States District Judge